## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ANDREW W. MILLER,

       Plaintiff,

v.                                                  Case No. 2:21-cv-00240

COMMISSIONER OF W.V.D.O.C.,
WEST VIRGINIA PAROLE BOARD,
BENITA MURPHY, EDWARD WOOTEN,
RALPH MILLER, TED WHITE,
CEDRIC ROBERTSON, KIM BLAIR,
JOHN SINES, BRIAN REED, and
ROSHANNA GRAY, Parole Officer,

       Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Complaint (ECF No. 2) and his Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).[1]

### I.    ALLEGATIONS IN COMPLAINT

Plaintiff's complaint alleges violations of double jeopardy principles stemming from his 2019 and 2020 parole revocation proceedings surrounding criminal charges of being a prohibited person in possession of a firearm. Essentially, Plaintiff claims that his

---

[1] Plaintiff subsequently filed two letter-form motions requesting that service of process be made on Defendants (ECF Nos. 4 and 6). In accordance with the recommended dismissal of this civil action without prejudice, as addressed herein, those motions have been denied by separate order.

parole was twice revoked based upon the same conduct, for which he was also found guilty in a new criminal proceeding in state court. (ECF No. 2 at 3-6). The complaint names as Defendants the Commissioner of the West Virginia Division of Corrections and Rehabilitation, the West Virginia Parole Board and its individual members, and Plaintiff's parole officer(s). (*Id.* at 2). Plaintiff requests that the Parole Board be abolished; that Defendants be suspended, fined, or fired; that his parole revocation decision be reversed; that he be re-released on parole; that his new three-year criminal sentence be overturned, and that he be awarded monetary damages. (*Id.* at 6-7).

## II.    DISCUSSION

At the time he filed this civil action, Plaintiff was a prisoner in the custody of the West Virginia Division of Corrections and Rehabilitation. This civil action is one of eleven civil rights actions filed by Plaintiff in this United States District Court since December of 2019. Plaintiff previously filed several other civil rights actions in this court, in addition to various habeas corpus petitions.[2]

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[2] Plaintiff has several habeas corpus petitions pending in this court seeking similar relief which will be separately addressed. His habeas corpus petitions are not relevant to the "three strikes" analysis herein as they do not count towards the calculation of the "three strikes" rule discussed *infra*. *See Smith v. Angelone*, 111 F.3d 1126, 1131 (4th Cir. 1997) ("we join [our sister circuits] and hold that the *in forma pauperis* filing fee provisions of the PLRA do not apply in habeas corpus actions.").

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").").  Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).  The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D.W. Va. June 30, 2008) (Johnston, J.).

    The undersigned has determined that, while incarcerated, Plaintiff has previously filed at least three actions in federal court which have been dismissed as being frivolous or malicious or for failure to state a claim upon which relief can be granted.  Specifically, the following cases count as strikes under 28 U.S.C. § 1915(g): *Miller v. Ballard*, Case No. 2:13-cv-08573, ECF No. 8 (S.D.W. Va. Apr. 7, 2014) (Johnston, J.), which was dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted on April 7, 2014; *Miller v. Ballard*, Case No. 2:13-cv-15024, ECF No. 6 (S.D.W. Va. Sept. 23, 2016) (Johnston, J.), which was dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted on September 23, 2016; *Miller v. Stuckey*, No. 2:17-cv-04398, ECF No. 8 (S.D.W. Va. Sept. 28, 2018)  (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted on September 20, 2018; *Miller v. Terry* No. 2:17-cv-04224, ECF No. 5 (S.D.W. Va. Dec. 2, 2020) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be

granted on December 2, 2020; and *Miller v. Terry*, No. 2:17-cv-04217, ECF No. 8 (S.D.W.

Va. Jan. 11, 2021) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A for failure to state a claim upon which relief can be granted on January 11,

2021.

Moreover, Plaintiff has not asserted and cannot reasonably assert that he is under

imminent danger of serious physical injury under the circumstances presented in his

complaint.  As aptly noted by our sister court:

> Under this exception to § 1915(g), the district court must determine
> whether the plaintiff's facts show that he was in imminent danger of serious
> physical harm either when he filed his complaint or at some time thereafter,
> related to the claims in the case. *Johnson v. Warner*, 200 F. App'x 270, 272
> (4th Cir. 2006) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd
> Cir. 2001)).  Thus, the "exception focuses on the risk that the conduct
> complained of threatens continuing or future injury, not whether the inmate
> deserves a remedy for past misconduct." *Newkirk v. Kiser*, 812 F. App'x
> 159, 159 (4th Cir. 2020) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050
> (8th Cir. 2003)).  Courts have also held that the "imminent danger"
> exception to § 1915 (g)'s "three strikes" rule must be construed narrowly and
> applied only "for genuine emergencies," where "time is pressing" and "a
> threat ... is real and proximate" and related to the alleged official
> misconduct. *See, e.g., Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).
> The inmate must make "specific fact allegations of ongoing serious physical
> injury, or of a pattern of misconduct evidencing the likelihood of imminent
> serious physical injury." *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319
> F.3d at 1050).

*LeGendre v. Woodson*, No. 7:20-cv-00352, 2020 WL 7048295, at *2 (W.D. Va. Dec. 1,

2020).

Accordingly, the undersigned proposes that the presiding District Judge **FIND**

that, while incarcerated, Plaintiff has filed at least three federal civil actions that have

been dismissed as being frivolous or malicious, or for failure to state a claim upon which

relief may be granted and, thus, he qualifies for application of the three strikes provision

contained in 28 U.S.C. § 1915(g).  Additionally, the undersigned proposes that the

presiding District Judge **FIND** that Plaintiff fails to state any credible facts that reasonably indicate that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule with respect to the claim in his complaint.  Therefore, dismissal of this civil action, without prejudice, under 28 U.S.C. § 1915(g) is appropriate.

Even if the district court were to determine that § 1915(g) should not be applied herein, Plaintiff's claims appear to be barred from review under § 1983 because his state criminal conviction and parole revocations have not been invalidated.  His requests for reversal of his conviction, dismissal of the criminal charges, and reinstatement of his parole must be addressed through his criminal or habeas corpus proceedings, which were not exhausted at the time he filed the instant complaint, and his claim for monetary damages, which clearly calls into doubt his criminal conviction and parole revocation, is barred because those charges have not been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477 (1994) ("prisoner cannot use § 1983 to obtain relief where success would necessarily demonstrate the invalidity of confinement or its duration"); *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

### III.    RECOMMENDATIONS

Pursuant to the proposed findings made herein, and the provisions of 28 U.S.C. § 1915(g), it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1) and **DISMISS** this civil action without prejudice under 28 U.S.C. § 1915(g).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior

United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the Plaintiff at the following address:  105 Truman Street, Beckley, WV 25801.[3]

February 28, 2022

Dwane L. Tinsley
United States Magistrate Judge

---

[3] Plaintiff's address is listed as the Huttonsville Correctional Center.  He has since been released on parole.  Although he failed to advise the court of any changes in his contact information, the undersigned's staff contacted his parole officer and obtained his current address to mail this document to him.